IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

NATIONSTAR MORTGAGE LLC,

                Plaintiff,              OPINION & ORDER

v.

                                      13-cv-857-wmc

MICHAEL J. TATE,

                Defendant.

---

Plaintiff Nationstar Mortgage LLC ("Nationstar") originally filed this foreclosure action in Polk County Circuit Court against Michael J. Tate and Karen Paulsen, alleging that they had defaulted on the mortgage of a property located at 1796 West White Ash Drive, Balsam Lake, Wisconsin. Tate, who considers himself a "Sovereign Citizen of the republic," removed the case to this court on December 11, 2013, alleging diversity jurisdiction pursuant to 28 U.S.C. § 1332(a) and federal question jurisdiction under 15 U.S.C. § 1692(g) and (k). Within a week of removal, Paulsen was dropped as a party.

As an initial matter, the court concludes first that none of the claims in the complaint arise under federal law, and any such invocation of federal law by defendant in an affirmative defense or counterclaim is insufficient to create federal jurisdiction. As a result, diversity jurisdiction is Tate's only basis for this removal. Because Tate's notice of removal contains insufficient evidence to determine whether this court may exercise diversity jurisdiction over this case, Tate will be given an opportunity to file an amended notice of removal containing the necessary factual allegations to determine diversity jurisdiction. Failure to do so will result in a remand of this dispute back to state court.

OPINION

"Federal courts are courts of limited jurisdiction." *Int'l Union of Operating Eng'r, Local 150, AFL-CIO v. Ward*, 563 F.3d 276, 280 (7th Cir. 2009) (citation omitted). Because jurisdiction is limited, federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010). Further, the party seeking to invoke federal jurisdiction bears the burden of establishing that jurisdiction is present. *Smart v. Local 702 Int'l Bhd. of Elec. Workers*, 562 F.3d 798, 802-03 (7th Cir. 2009). Tate's notice of removal invokes both federal question jurisdiction, pursuant to 28 U.S.C. § 1331, and diversity jurisdiction. The court considers each in turn to determine if Tate has met his burden to demonstrate that subject-matter jurisdiction exists here.

**I. Federal Question Jurisdiction**

The district courts have original jurisdiction over all civil actions "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Here, Tate appears to be alleging that this court has federal question jurisdiction over the current action because of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* Presumably, Tate intends to bring some sort of counterclaim under that statute, or to use it as a defense, but federal question jurisdiction can rest neither upon an actual or anticipated counterclaim, nor upon an actual or anticipated defense. *Vaden v. Discover Bank*, 556 U.S. 49, 61 (2009 (citing *Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826 (2002)). Rather, the court must determine whether "the plaintiff's statement of his own cause of action shows that it is based upon [federal law]." *Id.* (quoting *Louisville & Nashville R.R. Co. v. Mottley*, 211 U.S. 149, 152 (1908)). Here, the plaintiff's cause of action is

2

foreclosure, which is based on the state law of Wisconsin alone. *See* Wis. Stat. § 846. Accordingly, this court does not have jurisdiction under § 1331.

**II. Diversity Jurisdiction**

Unless a complaint alleges complete diversity of citizenship among the parties and an amount in controversy exceeding $75,000, or raises a federal question, the case must be dismissed for want of jurisdiction. *Smart*, 562 F.3d at 802. Here, Tate contends that diversity jurisdiction exists because (1) the amount in controversy exceeds $75,000 and (2) the parties are diverse. (Notice of Removal (dkt. #1) ¶¶ 1, 11-14.) For the latter to be true, however, there must be *complete* diversity, meaning plaintiff cannot be a citizen of the same state as *any* defendant. *Smart*, 562 F.3d at 803. Unfortunately, Tate's allegations prevent this court from determining the citizenship of the parties here.

First, Nationstar is an LLC, not a corporation. "The citizenship of an LLC is the citizenship of each of its members," yet plaintiff has not alleged the citizenship of defendant's *members*, making it impossible to determine whether complete diversity exists here. *Camico Mut. Ins. Co. v. Citizens Bank*, 474 F.3d 989, 992 (7th Cir. 2007). Instead, plaintiffs allege defendant Nationstar is "a foreign corporation based in Texas." (Notice of Removal (dkt. #1) ¶ 12.) As the Seventh Circuit has repeatedly instructed, this information is irrelevant in deciding the citizenship of a limited liability company. *Hukic v. Aurora Loan Serv.*, 588 F.3d 420, 429 (7th Cir. 2009).

Second, Tate alleges that he "does not claim citizenship whatsoever" and that he is "[a]n American National or a Non-Citizen national." (Notice of Removal (dkt. #1) ¶ 14.) "Citizenship," for purposes of diversity jurisdiction, means the place where Tate is

domiciled -- that is, "the state in which a person intends to live over the long run." *Heinen v. Northrop Grumman Corp.*, 671 F.3d 669, 670 (7th Cir. 2012).

From Tate's notice of removal, the court cannot tell *where* he is domiciled, and the court therefore cannot make a determination as to diversity jurisdiction.  To establish Tate's citizenship for diversity jurisdiction purposes, Tate must allege facts indicating in which state he is domiciled.[1]

Before remanding this action for lack of subject matter jurisdiction, Tate will be given leave to file within 14 days an amended notice of removal that establishes subject matter jurisdiction by: (1) alleging the names and citizenship of each member of the plaintiff LLC; and (2) indicating where he is domiciled for diversity purposes.  In alleging the LLC's citizenship, plaintiff should be aware that if the member or members of the LLCs are themselves a limited liability company, partnership, or other similar entity, then he must allege the citizenship of those members and partners as well.  *See Meryerson v. Harrah's E. Chi. Casino*, 299 F.3d 616, 617 (7th Cir. 2002) (noting that "the citizenship of unincorporated associations must be traced through however many layers of partners or members there may be").  Tate should also be aware that if a member or members of the LLCs are corporations, he must allege both the state of incorporation and the state in which the corporation has its principal place of business.  *See* 28 U.S.C. § 1332(c).

---

[1] Technically, the notice of removal is also defective as to defendant Karen Paulsen in two respects:  (1) Paulsen did not join in the notice, *see MB Fin., N.A. v. Stevens*, 678 F.3d 497, 499 (7th Cir. 2012) ("Removal requires the consent of *all* defendants.") (emphasis in original) (citations omitted); and (2) Tate alleges that Paulsen "resides in Minnesota," (Notice of Removal (dkt. #1) ¶ 13), ("[b]ut residence may or may not demonstrate citizenship, which depends on domicile,") *Heinen*, 671 F.3d at 670.  Since any defect in the notice other than one involving subject matter jurisdiction must be made within 30 days after the filing of the notice of removal, 28 U.S.C. § 1447(c); and Paulsen is no longer a party, neither defect is a bar to Tate's removal.

4

ORDER

IT IS ORDERED that:

1) defendant Michael J. Tate shall have until March 14, 2014, to file and serve an amended notice of removal containing good faith allegations sufficient to establish complete diversity of citizenship for purposes of determining subject matter jurisdiction under 28 U.S.C. § 1332; and

2) failure to amend timely shall result in prompt dismissal of this matter for lack of subject matter jurisdiction.

Entered this 27th day of February, 2014.

                                      BY THE COURT:

                                      /s/
                                      _____
                                      WILLIAM M. CONLEY
                                      District Judge