IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

NATIONSTAR MORTGAGE LLC,

                Plaintiff,                      OPINION & ORDER

    v.

                                                    13-cv-857-wmc

MICHAEL J. TATE,

                Defendant.

---

      Defendant Michael J. Tate removed this foreclosure action from Polk County Circuit Court alleging both federal question jurisdiction and diversity jurisdiction. On February 27, 2014, the court concluded that: (1) it did not have federal question jurisdiction; and (2) Tate had properly alleged neither the citizenship of plaintiff Nationstar Mortgage LLC ("Nationstar") nor his own state of domicile. Accordingly, the court ordered Tate to file and serve an amended notice of removal by March 14, 2014, containing good faith allegations sufficient to establish complete diversity of citizenship under 28 U.S.C. § 1332.

      On March 13, 2014, Tate filed an amended notice of removal as requested. (Dkt. #24.) In that notice, Tate alleges that Nationstar is wholly owned by Nationstar Mortgage Holdings Inc., which is a Delaware corporation with its principal place of business in Lewisville, Texas. However, Tate has still failed to provide his state of domicile, which is required for the court to determine whether complete diversity exists in this matter. He alleges that he is "a constitutional citizen of the Wisconsin Republic," but as mentioned in the court's previous opinion and order, for purposes of determining diversity jurisdiction, Tate must allege the state in which he is domiciled, "in which [he] intends to live over the long run." *Heinen v. Northrop Grumman Corp.*, 671 F.3d 669, 670 (7th Cir. 2012).

At this point, it is unclear where Tate is domiciled. Nationstar has attempted to serve him in Wisconsin and in Minnesota, both of which attempts failed. (*See* Br. Exs. 1-2 (dkt. #16-1, -2).) Tate has provided the court with no other address of residence. While it is his right not to provide that information, it also means that Tate again fails to met his burden to establish complete diversity, nor has he otherwise met his burden of showing that subject matter jurisdiction is present. *See Smart v. Local 702 Int'l Bhd. of Elec. Workers*, 562 F.3d 798, 802-03 (7th Cir. 2009) (party seeking to invoke federal jurisdiction bears burden of establishing it).

Tate essentially now seeks to characterize himself as a "stateless citizen." Even were the court to credit this assertion, Tate's stateless citizenship would also destroy complete diversity under § 1332(a)(3). *See Kamel v. Hill-Rom Co., Inc.*, 108 F.3d 799, 805 (7th Cir. 1997).

The Seventh Circuit Court of Appeals has repeatedly emphasized this court's obligation to dismiss a case for lack of subject matter jurisdiction. *See Craig v. Ontario Corp.*, 543 F.3d 872, 875 (7th Cir. 2008) ("Subject-matter jurisdiction is so central to the district court's power to issue any orders whatsoever that it may be inquired into at any time, with or without a motion, by any party or by the court itself."). Because Tate has not established (and apparently cannot establish) subject matter jurisdiction (despite being given repeated opportunities to do so), this case must be remanded to state court.

ORDER

IT IS ORDERED that this case is REMANDED to the Polk County Circuit Court.

Entered this 6th day of June, 2014.

                        BY THE COURT:

                        /s/

                        _____
                        WILLIAM M. CONLEY
                        District Judge